IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **STEPHANIE Y. SMITH,** | : | |
| **Plaintiff,** | : | |
| vs. | : | 5:09-CV-00132 (CAR) |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | : | |
| **Defendant.** | : | |

**ORDER ON MOTION TO REMAND**

Before the Court is Plaintiff's Motion to Remand [Doc. 4]. The present action was initially filed in the Superior Court of Bibb County and arises from Defendant State Farm Fire and Casualty Company's (herein "State Farm") denial of a claim for insurance coverage after Plaintiff's home was destroyed by fire. Plaintiff's Complaint alleges breach of the insurance contract. State Farm filed defensive pleadings, denying that it is responsible for the damages sustained by Plaintiff on the grounds that the fire was intentionally set by someone acting for Plaintiff and also because she allegedly misrepresented and concealed material facts in her presentation of the claim. State Farm then removed the Bibb County Superior Court action to this Court.

Through the motion at bar, Plaintiff contends that this case should be summarily remanded to the Superior Court for lack of diversity jurisdiction as set forth in 28 U.S.C. § 1332. District courts, in fact, only have original jurisdiction under this Code Section if the civil action is between "citizens of different states" and the amount in controversy "exceeds the sum or value of $75,000."

1

28 U.S.C. § 1332(a)(1).  In this case, it is undisputed that the amount in controversy exceeds $75,000.00 and that Plaintiff is a citizen of the State of Georgia.  State Farm, a corporation, is incorporated and has its principal place of business in Illinois.  Furthermore, this action is not a "direct action" against an insurer of a policy or contract of liability insurance as contemplated in by Section 1332(c)(1).  See Bowers v. Continental Ins. Co., 753 F.2d 1574, 1576 (11th Cir. 1985) *cert. denied* 473 U.S. 906, 105 S.Ct. 3531, 87 L.Ed.2d 655 (1985). ("The general rule has always been that the direct action proviso does not affect suits brought by an insured against his own insurer."); Fortson v. St. Paul Fire and Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir.1985) ("Unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.").  State Farm is thus deemed to be a citizen of the State of Illinois.  See 28 U.S.C. § 1332(c)(1); see also Stephens v. State Farm Fire and Cas. Co., 149 Fed. Appx. 908, 909 (11th Cir. 2005) ("State Farm, under § 1332(c)(1), was a citizen of Illinois because it was incorporated under the laws of Illinois and had its principal place of business there.").  Accordingly, the requirements for federal subject matter jurisdiction, under 28 U.S.C. § 1332, are met in this case.  The parties are "citizens of different states" and the requisite jurisdictional amount is satisfied.  Plaintiff's motion to remand is **HEREBY DENIED**.

      SO ORDERED this 21st day of July, 2009.

      S/ C. Ashley Royal  
      C. ASHLEY ROYAL  
      United States District Judge

jlr